**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| | ) | |
| SCOTT GLUCKHERTZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:13-CV-183 JAR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST STUDENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand for Lack of Subject

Matter Jurisdiction (ECF No. 8). This matter is fully briefed and ready for disposition.[1]

**LEGAL STANDARD**

Removal statutes are strictly construed, and any doubts about the correctness of removal

are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v.

Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183

(8th Cir. 1993); Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo.

2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625

(8th Cir. 1997)).  The party seeking removal and opposing remand has the burden of establishing

jurisdiction.  Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d

904, 912 (8th Cir. 2009); City of Univ. City, Missouri v. AT & T Wireless Services, Inc., 229 F.

Supp. 2d 927, 929 (E.D. Mo. 2002).

---

[1] In fact, this motion is more than fully briefed as First Student filed a sur-reply (ECF No. 16).
In turn, Plaintiff filed a Response to Defendant's Sur-Reply with Respect to Authentication of
Plaintiff's Tax Returns (ECF No. 19).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). If "'the court questions whether the amount alleged is legitimate, [then] the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.'" James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005)(quoting Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir.1995)). "This rule applies even in a removed case where the party invoking jurisdiction is the defendant." James Neff Kramper Family Farm P'ship, 393 F.3d at 831.

## BACKGROUND

Plaintiff Scott Gluckhertz ("Plaintiff") filed this action in the Twelfth Circuit Court of Missouri against Defendant First Student, Inc. ("First Student"), alleging that First Student violated the Missouri Human Rights Act ("MHRA") when it failed to hire Plaintiff as a school bus driver and/or aide in 2010 and 2011. In his Petition, Plaintiff alleged that the amount in controversy exceeded $25,000.00, but did not allege a specific amount of damages.

First Student removed this action to this Court on January 28, 2013, asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1446. First Student claims that this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## DISCUSSION

The parties assume for purposes of this motion that diversity of citizenship exists. The parties, however, disagree as to whether the threshold amount in controversy has been met.

In the Notice of Removal, First Student contends that the average yearly wage for a full-time bus driver in 2010 was approximately $24,076.80. (ECF No. 1, ¶13). First Student, therefore, contends that Plaintiff's alleged lost wages from 2010-2012 would be approximately $72,230.40. (Id.). First Student also maintains that Plaintiff's claim for emotional distress damages, including embarrassment, humiliation, and reputational harm, further increases the value of Plaintiff's claim. (Id., ¶14). In addition, First Student asserts that Plaintiff's claim for punitive damages can also be considered in determining the amount in controversy. (Id., ¶15). First Student notes that the Eighth Circuit has approved a four-to-one ratio of punitive damages to compensatory damages in a MHRA case (id. (citing Wallace v. DTG Operations, Inc., 563 F.3d 357, 359 (8th Cir. 2009)(reducing punitive damage award from sixteen times compensatory damages to four times compensatory damages on MHRA claim)), and the Missouri Court of Appeals has approved a six-to-one ratio of punitive damages to compensatory damages. ECF No. 16, p. 2 (citing Williams v. Trans States Airlines, Inc., 281 S.W.3d 854, 872 (Mo. Ct. App. 2009)(upholding a six-to-one punitive damages ratio)). Finally, First Student states that the Court must consider Plaintiff's reasonable attorneys' fees, which are generally awarded to a prevailing plaintiff in a MHRA action. (Id., ¶16 (citing Mo. Rev. Stat. §213.111.2)); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001)("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction.").

In the Motion to Remand, Plaintiff argues that First Student overestimates Plaintiff's purported lost wages. First, Plaintiff did not apply for a position with First Student until August 2010. (ECF No. 8, ¶8). Therefore, Plaintiff's estimated lost wages for 2010 should be based only on four to five months of lost wages, not for all twelve months of 2010. In addition, First Student's wage calculation did not take into account Plaintiff's mitigation of damages through

other employment.  First Student failed to factor in the wages that Plaintiff earned as a bus driver for Durham Transportation Company in 2012 and retail jobs in 2011 and 2012.  (ECF No. 8, ¶10).  In addition, Plaintiff maintains that First Student did not offer specific facts or evidence to support its estimate of the amount of controversy with respect to Plaintiff's claims for emotional distress, punitive damages, and attorneys' fees.  (ECF No. 8, ¶12).

The Court finds that First Student has failed to prove the jurisdictional amount by a preponderance of the evidence.  First Student admits that Plaintiff's lost wages for the 2010-2011 and 2011-2012 school years would have been approximately $17,455.68.  (ECF No. 12, pp. 3-4).  After mitigation of damages, Plaintiff's lost wages would have been $9,027.54.  (ECF No. 13, p. 3).[2]  First Student attempts to buttress its amount in controversy assertion with a punitive damages ratio that "potentially could be upheld" (ECF No. 12, p. 5).  As discussed, First Student cites to cases upholding punitive to comparative damages ratios of four-to-one and six-to-one, but the Court finds that, considering the facts alleged in the complaint in this case, such ratios are too speculative to withstand the preponderance of the evidence standard at this stage.  Moreover, a four-to-one ratio would only yield $36,110.16, which still falls well below the threshold amount in controversy requirement.  In a last ditch effort, First Student requests limited

---

[2] First Student contends that the Court should not consider Plaintiff's mitigation evidence because Plaintiff attached his tax documents for 2011 and 2012 but did not authenticate them. (ECF No. 16).  In support of this claim, First Student cites to Premium Fin. Specialists, Inc. v. Mid-Continent Cas. Co., 2011 U.S. Dist. LEXIS 123344 (W.D. Mo. Oct. 25, 2011) and Life Investors Ins. Co. of Am. v. Fed. City Region, Inc., 687 F.3d 1117, 1121 (8th Cir. 2012) for the proposition that a party must authenticate documents to be considered on a motion for remand. The procedural posture of these cases, however, is inapposite to the present motion.  Life Investors Ins. Co. of Am. addressed the authenticity of a settlement agreement in support of a motion for summary judgment, and Premium Fin. Specialists, Inc. addressed whether documents had been properly authenticated and were admissible at trial.  Id., at *6.  In any event, Plaintiff subsequently submitted tax returns authenticated by Plaintiff through an affidavit. (ECF No. 19-1).  Accordingly, the Court will consider Plaintiff's tax returns for purpose of determining his lost wages.

discovery regarding Plaintiff's alleged emotional distress damages and attorneys' fees. (ECF No. 12, p. 6), but the Court does not believe such discovery is necessary. The Court finds no indication that the damages in this case could meet the requisite jurisdictional amount by the preponderance of the evidence.

Although the Court remands this action to state court, the Court denies Plaintiff's request for attorneys' fees. The Court finds that First Student had an objectively reasonable basis for seeking removal based upon its calculation of Plaintiff's lost wages. The fact that this calculation ultimately proved incorrect does not negate its reasonableness at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [8] is **GRANTED**, in part, and **DENIED**, in part. This matter shall be remanded to the Twelfth Circuit of Missouri in Warren County, Missouri for further proceedings. Plaintiff's request for attorneys' fees is denied. An order of remand accompanies this Order.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of April, 2013.